# EXHIBIT A

Filed 20-CI-00202 07/23/2020 Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/26/2020 01:52:37 PM
89824

COMMONWEALTH OF KENTUCKY
OHIO CIRCUIT COURT
CASE NO. 20-CI-\_\_\_\_\_
====Electronically Filed====

SHANNON BIGGS     PLAINTIFF

VS.     **COMPLAINT AND JURY DEMAND**

USA DEBUSK LLC

AND

DEBUSK SERVICES GROUP LLC     DEFENDANTS

AND

STARR INDEMNITY AND LIABILITY
COMPANY

AND

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

SERVE:    USA DEBUSK LLC
               C/O: National Registered Agents, Inc.
               306 W. Main Street
               Suite 512
               Frankfort, KY 40601
               Via: Certified Mail

               And

               DEBUSK SERVICES GROUP LLC
               C/O: National Registered Agents, Inc.
               306 W. Main Street
               Suite 512
               Frankfort, KY 40601
               Via: Certified Mail

               And

Presiding Judge: HON. TIM R. COLEMAN (638371)

COM : 000001 of 000006

Filed 20-CI-00202 07/23/2020 Shannon Kirtley, Ohio Circuit Clerk

Starr Indemnity and Liability Company
C/O: CT Corporation System
306 W. Main Street
Suite 512
Frankfort, KY 40601
Via: Certified Mail

And

State Farm Mutual Automobile Insurance Company
C/O: Corporation Service Company
421 West Main Street
Frankfort, KY 40601
Via: Certified Mail

Plaintiff, Shannon Biggs, for his cause of action against Defendants, USA Debusk LLC, Debusk Services Group LLC, Starr Indemnity and Liability Company ("Starr"), and State Farm Mutual Automobile Insurance Company ("State Farm"), states as follows:

**Facts Common to All Counts**

1.  Plaintiff is a resident of Daviess County, Kentucky.

2.  Defendant, USA Debusk LLC, is a foreign limited liability company, whose principal place of business is in Texas, but who conducts business throughout the Commonwealth of Kentucky. It may be served through its registered agent National Registered Agents, Inc.

3.  Defendant, Debusk Services Group, LLC, is a foreign limited liability company, whose principal place of business in in Texas, but who conducts business throughout the Commonwealth of Kentucky. It may be served through its registered agent National Registered Agents, Inc.

4. Defendant, Starr, is an insurance company doing business in the Commonwealth of Kentucky; its principal place of business is in Texas and it may be served via its registered agent, CT Corporation System.

5. Defendant, State Farm, is an insurance company doing business in the Commonwealth of Kentucky; its principal place of business is in Illinois and it may be served via its registered agent Corporation Service Company.

6. The motor vehicle incident which is the subject of this action occurred in Centertown, Ohio County, Kentucky. Jurisdiction and venue are proper in Ohio County, Kentucky.

7. Plaintiff meets and exceeds the threshold provisions of the Kentucky Motor Vehicle Reparations Act.

8. The damages sought by Plaintiff exceed the jurisdictional minimums of this Court.

9. At all times relevant, employees/agents of USA Debusk LLC and/or Debusk Services Group LLC, were acting within the course and scope of their employment with the Debusk entities and the Debusk entities are responsible for their conduct under the theory of *respondeat superior*.

## Count I

10. Plaintiff incorporates Paragraphs 1-9 above as if fully set forth herein.

11. On or about July 26, 2018, Plaintiff was working on a gator ATV vehicle at the DB Wilson Power Plant in Centertown, Kentucky.

12. On the same date, employees/agents for USA Bebusk LLC and/or Debusk Services Group LLC, negligently backed a motor vehicle directly into Plaintiff.

Filed          20-CI-00202     07/23/2020          Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/26/2020 01:52:37 PM
89824

13. As a direct and proximate result of the negligence outlined above, Plaintiff suffered bodily injuries, which injuries are permanent and continuing.

14. As a direct and proximate result of the negligence outlined above, Plaintiff has, and will continue to suffer in the future, physical and mental pain and suffering.

15. As a direct and proximate result of the negligence outlined above, Plaintiff has incurred medical expenses and will continue to incur medical expenses in the future.

16. As a direct and proximate result of the negligence outlined above, Plaintiff has increased risk of future injury and pain and suffering.

17. As a direct and proximate result of the negligence outlined above, Plaintiff has lost income and had his ability to earn income in the future impaired.

## Count II

18. Plaintiff incorporates Paragraphs 1-17 above as if fully set forth herein.

19. At all times relevant, Defendant, Starr, was the insurance carrier on the vehicle that the employees/agents of USA Debusk LLC and/or Debusk Services Group LLC, operated.

20. Because said vehicle struck Plaintiff when he was a pedestrian, Starr is required to provide Kentucky PIP/No-Fault Benefits to Plaintiff.

21. Plaintiff is entitled to and asserts his rights to the Kentucky PIP/No-Fault Benefits coverage with Defendant, Starr.

## Count III

22. Plaintiff incorporates Paragraphs 1-21 above as if fully set forth herein.

23. At all times relevant, Defendant, State Farm, was the insurance carrier for Plaintiff, and provides underinsured motorist coverage and Kentucky PIP/No-Fault

Presiding Judge: HON. TIM R. COLEMAN (638371)

COM : 000004 of 000006

NOT ORIGINAL DOCUMENT
08/26/2020 01:52:37 PM
89824

Benefits to Plaintiff.

24. To the extent Plaintiff's damages exceed and/or are not covered by the liability limits of Defendants, USA Debusk LLC and Debusk Services Group LLC's, liability insurance coverage, Plaintiff is entitled to and asserts his rights to the underinsured coverage with Defendant, State Farm, and to the Kentucky PIP/No-Fault Benefits to which Plaintiff may be entitled.

WHEREFORE, Plaintiff, Shannon Biggs, prays for judgments against the Defendants as follows:

A. In such an amount as will reasonably compensate Plaintiff for physical and mental pain and suffering, past, present, and future;

B. For payment of Plaintiff's medical expenses, past, present, and future, which were/are/will be necessitated by the injuries which he suffered;

C. For payment of Plaintiff's pain due to permanent injury;

D. For payment of Plaintiff's damages related to increased risk of future injury;

E. For payment of Plaintiff's lost wages and impairment to earn income in the future;

F. For a judgment against Starr for Kentucky PIP/No-Fault Benefits to which Plaintiff is entitled;

G. For a judgment against State Farm to the extent Plaintiff's damages are not covered by and/or exceed the applicable liability insurance coverage and to the extent Plaintiff is entitled Kentucky PIP/No – Fault Benefits from State Farm.

H. For the costs herein expended;

I. For a trial by jury on all issues so triable; and

J. For all other just and proper relief which the Court deems Plaintiff is entitled.

Filed          20-CI-00202     07/23/2020          Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/26/2020 01:52:37 PM
89824

This 24th day of July, 2020.

                RHOADS & RHOADS P.S.C.

                /s/Kyle LaMar
                Kyle LaMar, Esq.
                115 East Second Street, Suite 100
                P.O. Box 2023
                Owensboro, KY 42302-2023
                Phone:     (270) 683-4600
                Fax:       (270) 683-1653
                ATTORNEYS FOR PLAINTIFF

Presiding Judge: HON. TIM R. COLEMAN (638371)

COM : 000006 of 000006

Filed          20-CI-00202     07/23/2020          Shannon Kirtley, Ohio Circuit Clerk

Filed        20-CI-00202        08/27/2020        Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/28/2020 09:35:33 AM
89824

**COMMONWEALTH OF KENTUCKY**
**OHIO CIRCUIT COURT**
**CASE NO. 20-CI-00202**

**ELECTRONICALLY FILED**

**SHANNON BIGGS**                                                                                   **PLAINTIFF**

**V.**

**USA DEBUSK LLC, et al.**                                                                       **DEFENDANTS**

**DEFENDANT STARR INDEMNITY AND LIABILITY COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Starr Indemnity and Liability Company ("Defendant") states for its Answer to Plaintiff's Complaint as follows:

**RESPONSE TO FACTS COMMON TO ALL COUNTS**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.

4. Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

## RESPONSE TO COUNT I

10. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

Filed          20-CI-00202     08/27/2020          Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/28/2020 09:35:33 AM
89824

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

## RESPONSE TO COUNT II

18. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

ANS : 000003 of 000009

Filed    4817-5154-9129.1    20-CI-00202    08/27/2020          Shannon Kirtley, Ohio Circuit Clerk

Case 4:20-cv-00145-JHM-HBB Document 1-2 Filed 08/28/20 Page 11 of 16 PageID #: 20
Filed  20-CI-00202  08/27/2020  Shannon Kirtley, Ohio Circuit Clerk

NOT ORIGINAL DOCUMENT
08/28/2020 09:35:33 AM
89824

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

### RESPONSE TO COUNT III

22. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

The remainder of Plaintiff's Complaint consists of a prayer for relief, to which no response is required. To the extent a response is required, Defendant denies Plaintiff is entitled to the requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

2. The Complaint fails to join necessary parties or real parties in interest under CR 17 and CR 19, including, but not limited to, subrogated insurers or other entities with assigned claims.

3. Defendant denies all allegations not specifically admitted herein.

4. Venue is improper.

5. Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by their own negligence.

6. Plaintiff's claims may be barred by the applicable statute of limitations.

7. Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the negligent acts over third persons over whom Defendant exercised no direction or control.

8. Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by intervening and/or superseding causes.

9. Plaintiff's claims are subject to Kentucky's Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*, and Defendant relies on the provisions of the act as a complete or partial bar to the Plaintiff's claims.

10. Plaintiff's claims are subject to the Defendant's policy referred to in the Complaint, and Defendant relies on the provisions of the policy as a complete or partial bar to the Plaintiff's claims.

11. There has been an insufficiency of process and/or service of process upon Defendant.

12. The Plaintiff has failed to mitigate and/or minimize her alleged damages.

13. Defendant states that the value of Plaintiff's claims is or may be insufficient to exhaust the policy or policies of insurance which may exist for the benefit of the tortfeasor(s) and, therefore, the Complaint against Defendant should be dismissed.

14. Plaintiff's claims are barred by failure and/or want of consideration.

15. Under the terms of the Defendant's policy, if Defendant is obligated to pay uninsured motorist benefits, Defendant is only required to pay its share of the loss which is defined as the proportion that Defendant's "limits of liability" bears to the total of all applicable limits of liability for uninsured motorist coverage, or, if the accident involved a vehicle which is not owned by the insured, Defendant's uninsured motorist coverage is "excess" in relationship to other uninsured motorist coverage available to its insured.

16. Plaintiff's claims are barred by a doctrine of estoppel, waiver, release, fraud, unclean hands and/or laches.

17. Plaintiff's claims may be barred by the applicable limitations period in the relevant insurance contract.

18. Plaintiff's claims against Defendant may be barred by any settlement entered into by Plaintiff which did not protect, or in any way harmed, the potential subrogation rights of Defendant.

19. Plaintiff may have failed to comply with the terms and conditions of the applicable insurance contract, including any insurance contract allegedly issued by Defendant, thereby barring Plaintiff's claims.

20. Plaintiff's claims may be barred by the failure to comply with the conditions in the insurance contract allegedly issued by Defendant requiring prompt notice and/or proof of any accident or loss.

21.     Plaintiff's Complaint fails to state a claim for interest against Defendant upon which relief can be granted and said claim should be dismissed.

22.     Defendant states that it is entitled to a setoff as against any monies which it might be adjudged liable to the Plaintiff, and for any monies previously paid to the Plaintiff, or which will be paid to the Plaintiff prior to judgment, pursuant to the provisions of Chapter 304 of the Kentucky Revised Statutes.

23.     The vehicle in which Plaintiff occupied at the time of the incident described in the Complaint does not qualify as a "covered auto" as it is defined in the applicable insurance contract.

24.     Defendant reserves the right, in accordance with the Kentucky Rules of Civil Procedure, to amend its pleading to conform with discovery or evidence at trial, or for purposes of asserting any counterclaim or cross claim.

25.     Defendant incorporates by reference, as if fully restated herein, all affirmative defenses available to it under the civil rules, or which may become available to it in the future as a result of discovery of facts in this case.

WHEREFORE, Defendant requests Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost, for Defendant's costs and related fees, for trial by jury, and for any other relief to which Defendant may be entitled.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Judd R. Uhl
Judd R. Uhl (89578)
R. Morgan Salisbury (94922)
LEWIS, BRISBOIS, BISGAARD & SMITH
2333 Alexandria Drive
Lexington, Kentucky 40504
judd.uhl@lewisbrisbois.com
morgan.salisbury@lewisbrisbois.com
(859) 663-9830 / (859) 663-9829 (Fax)
*Attorneys for Defendant Starr Indemnity and Liability Company*

## JURY DEMAND

Defendant requests a trial by jury on all issues raised in Plaintiff's Complaint by the maximum number of jurors permitted.

 /s/ Judd R. Uhl
Judd R. Uhl (89578)
R. Morgan Salisbury (94922)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via e-mail this 27th day of August, 2020 to:

Kyle LaMar
Rhoads & Rhoads, P.S.C.
115 East Second Street, Suite 100
P.O. Box 2023
Owensboro, KY 42302-2023

USA Debusk, LLC
Debusk Services Group, LLC
c/o National Registered Agents, Inc.
306 W. Main Street, Suite 512
Frankfort, KY 40601

State Farm Mutual Automobile Insurance Company
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

/s/ Judd R. Uhl
Judd R. Uhl (89578)
R. Morgan Salisbury (94922)